# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MOLLY SEATERWRIGHT,**

      **Plaintiff,**

v.                                                      **Case No: 6:23-cv-309-CEM-DCI**

**ROCKWATER DEVELOPMENT, LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **Plaintiff's Motion for Default Judgment (Doc. 19)**
>
> **FILED:** June 23, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff initiated this case against Defendant for alleged violations of the Fair Labor Standards Act (FLSA). Doc. 1. By Order dated March 24, 2023, the Court granted Plaintiff's Motion for Clerk's Default and the Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Docs. 12-14. Pending before the Court is Plaintiff's Motion for Clerk's Entry of Final Default Judgment Pursuant to Rule 55(b)(1) and Local Rule 1.10(c). Doc. 19 (the Motion).

The Motion is due to be denied without prejudice. Plaintiff cites to Rule 55(b)(1) to request that the Clerk enter default judgment in favor of Plaintiff in the amount of $1,800.00 in damages and $5,867.00 in attorney fees and costs. "Although Rule 55(b)(1) provides for entry of default

judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, 2019 WL 131833880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talen Agency, Inc.*, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)); *see also Reyes v. Gen. US Constr., LLC*, 2022 WL 16963816 *1 (M.D. Fla. Nov. 16, 2022) (reviewing the plaintiff's "motion to assess damages" brought pursuant to Rule 55(b)(1) and denying the request because the motion was insufficient.).

A party is not entitled to a default judgment merely because a clerk's default has been entered. Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

It is not the Court's role to attempt to determine which of the allegations in the Complaint satisfy the elements of each claim. *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint.); *Gonopolsky v. Korchak*, 2007 WL 1549429, at *2 (M.D. Fla. May 25, 2007) (finding that a motion for default judgment was insufficient because

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements).

Here, the Motion is insufficient to demonstrate that default judgment is proper. Specifically, Plaintiff does not include a legal memorandum in support of the request. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). Instead, Plaintiff provides a general citation to Federal Rule of Civil Procedure 55(b)(1) and does not set forth the elements of the claims or demonstrate how the well pleaded allegations of the Complaint establish those elements.

Also, while Plaintiff alleges in the Complaint that enterprise and individual coverage apply, Plaintiff does not explain in the Motion why that is so under the FLSA. Without this information, the Court is unable to determine whether default judgment is appropriate. *See Lines v. Coverlex, Inc.*, 2019 WL 13183880, at*1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV*, 2018 WL 4762973, at *2 (denying two-page motion for default which "merely points out that the Clerk entered default, cites Rule 55(b)(1), and refers to the attached affidavit" and otherwise did not include a legal memorandum as required by Local Rule 3.01(a)); *see also McCraken v. Bubba's World, LLC*, 2010 WL 3463280, at *2 (M.D. Fla. Aug. 4, 2010) (recommending denial of a motion for default judgment where, among other things, "[p]laintiff cites no cases, undertakes no analysis, and fails to even mention the [FLSA] except in a passing reference to attorney's fees"), *report and recommendation adopted by* 2010 WL 3463277 (M.D. Fla. Sept. 3, 2010).

Further, while Plaintiff provides the amount of damages claimed, Plaintiff does not include a calculation as to how she derived at that amount in relationship to the FLSA's wage requirements.

Plaintiff alleges in the Complaint that Defendant did not properly pay her overtime and minimum wages pursuant to the FLSA. Doc. 1. In the Motion, however, Plaintiff does not mention the FLSA or give a damage calculation. *See* Doc. 19.

Pursuant to Rule 55(b)(1), the Clerk may enter default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." While the Motion is barebones, Plaintiff provides an affidavit claiming that she is owed $1,800.00 in damages ($900.00 in unpaid wages and the same amount in liquidated damages). Doc. 19-1 (the Affidavit). In support of this assertion, Plaintiff states that during her final two weeks of employment, she worked 50 hours at her regular rate of $18.00. *Id*. at 1.

This information is not enough. First, Plaintiff does not provide the specific calculation as to how she arrived at $900.00. Second, Plaintiff seeks minimum wages in the Complaint (Doc. 1 at 4, 8, 9), but does not mention minimum wages in the Affidavit or otherwise explain why she is instead entitled to the hourly rate ($18.00). Third, even if the Court assumes that Plaintiff calculates the damages with $18.00 for the hourly rate and $27.00 for time and a half for overtime, that calculation does not equal $900.00.

Default judgment under Rule 55(b)(1) is appropriate if the claim is for a sum certain or a sum that can be made certain by computation. Without a memorandum of law and additional information regarding Plaintiff's claimed damages, the Court will not grant the relief. *See Kawasaki Motors Fin. Corp. v. Tifton Cycles, Inc.*, 2012 WL 4829549, at *1 (M.D. Ga. Oct. 10. 2012) (finding that the plaintiff fulfilled Rule 55(b)(1)'s affidavit requirement but the motion was insufficient because the plaintiff did no provide evidence to show how the number was calculated);

*Directv v. Huynh*, 318 F.Supp.2d 1122, 1129 (M.D. Ala. May 19, 2004) ("As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by *detailed* affidavits") (citing *Adolph Coors Co.*, 777 F.2d 1538, 1543 (11th Cir. 1985); *Directv, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003) (emphasis added)).

In sum, default does not automatically warrant the entry of default judgment under Rule 55(b)(1) and should Plaintiff decide to renew the request for default judgment, Plaintiff shall comply fully with Local Rule 3.01(a), and, in particular, address the elements of each claim for which default judgment is sought and the specific, well-pled facts in the operative complaint that satisfy each of those elements, including FLSA coverage and the damage calculation.

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 19) is **DENIED without prejudice**;
2. **On or before July 20, 2023**, Plaintiffs may file a motion for default judgment in accordance with this Order and the Local Rules of this Court; and
3. **Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.**

**ORDERED** in Orlando, Florida on July 5, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties