UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MOLLY SEATERWRIGHT,**

        **Plaintiff,**

**v.**                                                **Case No: 6:23-cv-309-CEM-DCI**

**ROCKWATER DEVELOPMENT, LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Second Motion for Default Judgment (Doc. 21)
>
> **FILED:** July 20, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff initiated this case against Defendant for alleged violations of the Fair Labor Standards Act (FLSA). Doc. 1. By Order dated March 23, 2023, the Court denied Plaintiff's Motion for Clerk's Default because Plaintiff failed to establish through a memorandum of law that service on the person served is sufficient under applicable law. Doc. 11. Plaintiff refiled the motion and the Court granted the relief. Docs. 12-14. The Court subsequently directed Plaintiff to show cause why this case should not be dismissed for failure to comply with Local Rule 1.10(c).

Doc. 16.[1] Plaintiff filed a response and a Motion for Default Judgment. Docs. 17, 19. The Court, however, denied the Motion for Default Judgment because there was no legal memorandum supporting the request, and Plaintiff did not: (1) set forth the elements of the claims or demonstrate how the well pleaded allegations of the Complaint establish the elements; (2) explain how enterprise and individual coverage apply as alleged in the Complaint; and (3) include a calculation as to how she derived the amount of damages claimed in relationship to the FLSA's wage requirements. Doc. 20. Thus, the procedural history of this case demonstrates that Plaintiff has consistently failed to comply with the Local Rules or otherwise show that default is appropriate.

Pending before the Court is Plaintiff's Second Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 21 (the Motion). Despite the Court's previous Order,[2] the Motion is still insufficient to demonstrate that default judgment is proper. Namely, Plaintiff does not address how the well-pled allegations establish the employment relationship.[3] Plaintiff must provide citation to authority as to each element but did not do so. *See* Doc. 20 at 2. To the extent Plaintiff contends the relationship exists by virtue of the default, Plaintiff must provide a memorandum of law in support of that position but is reminded that a defendant does

---

[1] Local Rule 1.10(c) states: "Within thirty-five days after entry of a default, the party entitled to a default judgment must apply for the default judgment or must file a paper identifying each unresolved issue—such as the liability of another defendant—necessary to entry of the default judgment."

[2] The Court directed Plaintiff to fully comply with Local Rule 3.01(a) in the event the request was renewed to address the elements of each claim and the specific allegation in the operative complaint that satisfy each element, including FLSA coverage and the damage calculation. Doc. 20.

[3] To trigger liability under the FLSA's overtime and minimum wage provisions, a plaintiff must show: (1) an employee-employer relationship exists between the parties, and (2) the plaintiff is "covered" by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

not admit facts that are not well-pled or that are conclusions of law.[4] *See Nishimatsu Constr. Co. v. Houson Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *see also Lopez v. City Buffet*, 2020 WL 10354012, at *2 (M.D. Fla. Oct. 28, 2020), *report and recommendation adopted by*, 2021 WL 2905459 (M.D. Fla. Jan. 5, 2021) (recommending that the plaintiff's legal conclusory allegations regarding the specific work the plaintiff did or to establish the kind of business did not establish that the plaintiff engaged in commerce such that default judgment was warranted.).

Further, it is not evident that the well-pled facts in the Complaint are sufficient to establish either individual or enterprise coverage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* The Court specifically directed Plaintiff to address FLSA coverage but Plaintiff has not adequately done so. Plaintiff's failure is problematic because the Court questions the existence of coverage based on the allegations and, therefore, whether subject matter jurisdiction is present.[5] *See Westley v. Love Pet Grooming Salon, Inc.*, 2019 WL 13245887, at *1 (M.D. Fla. July 5, 2019) ("The issue of whether individual coverage exists implicates the merits of Plaintiffs' FLSA claims, as well as this Court's subject matter jurisdiction over this case") (citing *Martinez Claros v. Taylor Lee & Assoc., LLC*, 2018 WL 7079995, at *2 (N.D. Ga. Sept. 18, 2018); (*Turcios v. Delicias*

---

[4] Plaintiff cites to paragraph 12 of the Complaint to show that Defendant has admitted that Plaintiff worked for Defendant as an hourly employee. Doc. 21 at 8. Curiously, in paragraph 12, Defendant alleges that Defendant hired Plaintiff as a sales associate. Plaintiff also claims, however, that Defendant employed Plaintiff as a line cook. *See* Doc. 1 at ¶¶ 7, 10. Further, Plaintiff alleges that Defendant is a "discount retail store" operating in Orange County, Florida but then alleges that Defendant is a restaurant. *Id*. at ¶¶ 3, 6. As such, the nature of the business and Plaintiff's alleged employment with Defendant is not clear, and Plaintiff's citation to paragraph 12 demonstrates nothing.

[5] Plaintiff's statement on "information and belief" is inadequate. *Wagner v. Giniya Int'l Corp.*, 2020 WL 7774385, at *4 (M.D. Fla. Dec. 3, 2020), *report and recommendation adopted by*, 2020 WL 7768949 (M.D. Fla. Dec. 30, 2020) ("Again, a vague allegation made on 'information and belief' is not sufficient to support a motion for default judgment.") (citations omitted).

*Hispanas Corp.*, 275 Fed. App'x 879, 882 (11th Cir. 2008)).  Plaintiff's bald contention that enterprise and individual coverage exists is not enough.  *See Ciapara v. Newline WP Servs. Inc.*, 2023 WL 2810705, at *4 (M.D. Fla. Apr. 6, 2023) (finding conclusory allegations regarding individual and enterprise coverage are insufficient to support entry of default judgment) (citations omitted)).

In sum, Plaintiff has not adequately complied with the Court's July 5, 2023 Order to establish that default judgment is appropriate under Rule 55(b).

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 21) is **DENIED without prejudice**; and
2. **on or before September 25, 2023**, Plaintiff shall file an adequate motion for default judgment pursuant to Rule 55(b).

**Plaintiff's failure to comply with this Order and the July 5, 2023 Order within the allotted time may result in the dismissal of this case without further notice.**

**ORDERED** in Orlando, Florida on September 11, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties